**Jing CHANG JIANG, Petitioner,**

v.

**UNITED STATES DEPARTMENT OF JUSTICE, Alberto R. Gonzales, Attorney General, Respondent.**

No. 06–1935–ag.

United States Court of Appeals, Second Circuit.

Dec. 26, 2006.

Yee Ling Poon, Robert Duk–Hwan Kim, New York, NY, for Petitioner.

Maxwell Wood, United States Attorney, Sharon T. Ratley, Assistant United States Attorney, Macon, GA, for Respondent.

Present: JOHN M. WALKER, JOSÉ A. CABRANES and PETER W. HALL, Circuit Judges.

## SUMMARY ORDER

Jing Chang Jiang, a native and citizen of China, seeks review of an April 14, 2006 order of the BIA adopting, affirming, and supplementing immigration judge ("IJ") Alan Page's September 14, 2004 decision denying Jiang's applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *Jing Chang Jiang*, No. A96 180 917 (B.I.A. April 14, 2006), *aff'g* No. A96 180 917 (Immig. Ct. N.Y. City Sept. 14, 2004). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA adopts the decision of the IJ and supplements the IJ's decision, this Court reviews the decision of the IJ as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). We review the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the

contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004). However, we will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *Cao He Lin v. U.S. Dep't of Justice,* 428 F.3d 391, 406 (2d Cir.2005); *Tian–Yong Chen v. INS,* 359 F.3d 121, 129 (2d Cir.2004); *see also Xiao Ji Chen v. U.S. Dep't of Justice,* 434 F.3d 144, 158–60 (2d Cir.2006) (agreeing with this principle, but avoiding remand, in spite of deficiencies in an adverse credibility determination, because it could be confidently predicted that the IJ would adhere to the decision were the case remanded).

Here, the IJ noted six distinct discrepancies that caused him to doubt the veracity of Jiang's claims. Inconsistencies and other discrepancies in the evidence are often sufficient to support an adverse credibility determination, but they need not be fatal if they are minor and isolated, and the testimony is otherwise generally consistent, rational, and believable. *See Diallo v. INS,* 232 F.3d 279, 288 (2d Cir. 2000). To form the basis of an adverse credibility determination, a discrepancy must be "substantial" when measured against the record as a whole. *See Secaida–Rosales,* 331 F.3d at 308–09. At the same time, however, "even where an IJ relies on discrepancies or lacunae that, if taken separately, concern matters collateral or ancillary to the claim, ... the cumulative effect may nevertheless be deemed consequential by the fact-finder." *Tu Lin v. Gonzales,* 446 F.3d 395, 402 (2d Cir. 2006) (internal citations omitted). The agency need not credit an applicant's explanations for inconsistent testimony unless those explanations would compel a reasonable fact-finder to do so. *See, e.g., See Majidi v. Gonzales,* 430 F.3d 77, 80–81 (2d Cir.2005).

Although some of the inconsistencies identified by the IJ do not pertain to the central element of Jiang's claim of persecution, *i.e.* his wife's forced abortion, the IJ reasonably relied on the cumulative effect of these inconsistencies in finding Jiang not credible because they involve circumstances directly related to the alleged persecutorial incident. *Tu Lin,* 446 F.3d at 402. As Jiang was unable to give coherent, plausible explanations for the numerous discrepancies with which he was confronted, the IJ appropriately rejected them. The IJ was therefore reasonable in determining that Jiang was not credible regarding his wife's alleged forced abortion or his claimed illegal departure from China, and that he thus had not presented a credible claim of past persecution on account of a violation of the family planning policy or a well-founded fear of future persecution on account of illegal departure. Therefore, substantial evidence supports the IJ's denial of asylum. Because the only evidence of a threat to Jiang's life or freedom on account of his illegal departure from China depended upon the petitioner's credibility, the adverse credibility determination in this case necessarily precludes success on the claim for withholding of removal based on illegal departure. *See Wu Biao Chen v. INS,* 344 F.3d 272, 275 (2d Cir.2003). Additionally, because Jiang's CAT claim was predicated on the same facts as his claims for asylum and withholding of removal, *i.e.* his illegal departure from China, the agency's denial of CAT relief based on his lack of credibility was also appropriate. *See Xue Hong Yang v. U.S. Dep't of Justice,* 426 F.3d 520, 523 (2d Cir.2005).

The BIA also determined that Jiang failed to demonstrate a well-founded fear of future persecution, finding that his desire to have more children in the future was speculative. JA at 3 (BIA Order). Because Jiang presented no evidence detailing his own ability to have children in the future or wife's ability or desire to bear more children, the BIA's conclusion

that his fear was speculative was substantially supported by the record. Because Jiang was unable to show the objective likelihood of persecution needed to make out an asylum claim based on his desire to have additional children, he was necessarily unable to meet the higher standard required to succeed on a claim for withholding of removal. *See Wu Biao Chen v. INS,* 344 F.3d 272, 275 (2d Cir.2003).

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).